**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000140
02-JUN-2022
11:18 AM
Dkt. 51 SO**

NO. CAAP-20-0000140

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
CONNOR B. GRAY, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTC-19-041405)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Connor B. Gray (**Gray**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed February 11, 2020, in the District Court of the First Circuit (**District Court**).[1]  Gray was convicted of Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant (**OVLPSR-OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-62(a)(1) and/or (a)(2) (Supp. 2018).[2]

---

[1]  The Honorable Harlan Y. Kimura presided.

[2]  HRS § 291E-62 provides in part:

> (a) No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section or to part III or section 291E-61 . . . shall operate or assume actual physical control of any vehicle:

(continued...)

Gray raises a single point of error on appeal, contending that there was not substantial evidence to support his conviction.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Gray's point of error as follows and affirm.

Gray is alleged to have committed OVLPSR-OVUII for an incident that occurred on May 14, 2019.  He was previously arrested for Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) on May 6, 2018.  Gray contends there was insufficient proof to demonstrate the requisite intent to commit OVLPSR-OVUII because there was no substantial evidence that he had received the Administrative Driver's License Revocation Office's (**ADLRO**) decision that "affirm[ed]" his license revocation and set forth the dates of the revocation.

We review a sufficiency of the evidence challenge as follows:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction[.] . . . The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. . . . "Substantial evidence" . . . is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

State v. Calaycay, 145 Hawaiʻi 186, 196, 449 P.3d 1184, 1194 (2019) (brackets omitted).

The state of mind required to establish an offense under HRS § 291E-62 is not specified and, therefore, is established if a person acts intentionally, knowingly, or

_____

[2](...continued)
>      (1)    In violation of any restrictions placed on the person's license;
>      (2)    While the person's license or privilege to operate a vehicle remains suspended or revoked[.]

recklessly.  HRS § 702-204 (2014).  "A person acts recklessly with respect to attendant circumstances when he consciously disregards a substantial and unjustifiable risk that such circumstances exist."  HRS § 702-206(3)(b) (2014).

> A risk is substantial and unjustifiable within the meaning of this section if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation.

HRS § 702-206(3)(d) (2014).

"[G]iven the difficulty of proving the requisite state of mind by direct evidence in criminal cases, we have consistently held that proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient."  State v. Stocker, 90 Hawaiʻi 85, 92, 976 P.2d 399, 406 (1999) (brackets, ellipsis, citation & internal quotation marks omitted).  "Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances."  Id. (citation & internal quotation marks omitted).

Here, there is substantial evidence that Gray received an administrative review decision, or at a minimum was informed about the administrative review decision, that revoked his license.  He requested an administrative hearing, and a request for a hearing can only be made after an administrative review decision is issued that revoked a license.  See HRS § 291E-38(a) (Supp. 2018).  The ADLRO's August 10, 2018 "Notice of Withdrawal of Request for Hearing" (**August 10, 2018 Notice**), which states "ADMINISTRATIVE REVOCATION SUSTAINED" and that Gray's license and privilege to operate a vehicle was revoked from "6/6/2018 to 6/5/2019," also includes the following remarks:

> Prior to the commencement of the hearing scheduled for 8/8/18, Respondent, through and as approved by Counsel, withdrew his request for a hearing.  See, Withdrawal dated 8/8/18.  Therefore, the Notice of Administrative Review Decision dated 5/14/18 is affirmed and shall continue and remain in full force and effect.

3

(Emphasis added.)  The August 10, 2018 Notice is addressed to "Connor B. Gray c/o Scott Collins, Esq.," and Gray testified that Scott Collins (**Collins**) represented him at that time.  Thus, it is reasonable to infer from the evidence that Gray was aware his license was revoked because he requested an administrative hearing.  Gray consciously disregarded the substantial and unjustifiable risk that his license remained revoked or restricted when he drove on May 14, 2019, the date of the subject incident in this case.  See State v. Benitez, CAAP-17-0000143, 2018 WL 2752359, at *2 (App. June 8, 2018) (SDO).

Additionally, Officer Jesse Takushi (**Officer Takushi**) testified regarding events that previously occurred on May 6, 2018, when Officer Takushi arrested Gray for OVUII.  Officer Takushi testified that after arresting Gray, he read a four-page Notice of Administrative Revocation form (**Revocation Form**) "verbatim" to Gray, and that Gray signed the form.  Officer Takushi informed Gray that ADLRO may revoke his license, and that ADLRO would mail Gray a copy of the administrative review decision.  The Revocation Form indicated, inter alia, that Gray was arrested for OVUII; the administrative review decision shall be mailed to him no later than eight days after the date of the issuance of "this Notice" (the Revocation Form); and if his license is not administratively revoked after the administrative review or if an administrative revocation is reversed, he would receive, inter alia, a certified statement that the administrative revocation proceedings have been terminated.  Gray does not contend that he received any indication that the revocation proceedings were terminated; rather, he testified that he never received notice of the ADLRO decision stating the time period that his license was revoked and that when he was stopped on May 14, 2019, he did not know whether his license had been revoked.  Based on the foregoing, this testimony and documentary evidence also establishes sufficient evidence that Gray consciously disregarded a substantial and unjustifiable risk that

his license was revoked when he drove on May 14, 2019.  See State v. Rios, CAAP-19-0000718, 2021 WL 964862, at *2 (App. Mar. 15, 2021) (SDO).

Accordingly, the District Court's February 11, 2020 Notice of Entry of Judgment and/or Order and Plea/Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, June 2, 2022.

On the briefs:                    /s/ Lisa M. Ginoza
                                  Chief Judge
Susan L. Arnett,
Deputy Public Defender,           /s/ Keith K. Hiraoka
for Defendant-Appellant           Associate Judge

Stephen K. Tsushima,              /s/ Clyde J. Wadsworth
Deputy Prosecuting Attorney,      Associate Judge
for Plaintiff-Appellee